(45 Misc. Rep. 350.)

ORR et al. v. SOUTH AMBOY TERRA COTTA CO. OF SOUTH AMBOY, N. J.

(Supreme Court, Appellate Term.    November, 1904.)

ACTION ON NOTE—BURDEN OF PROOF.

> In an action on a note by the indorsee of the payee, where the maker introduces evidence showing the illegality of the note, the burden is on plaintiff to show that he is a holder of the note for value and in good faith, and an instruction that defendant must prove the illegality by a preponderance of the evidence is error.

Appeal from City Court of New York, Trial Term.

Action by George Orr and William Orr against the South Amboy Terra Cotta Company of South Amboy, N. J. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Re-versed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZ-GERALD, JJ.

Emmet & Robinson, for appellants.

Seth B. Robinson, for respondent.

FITZGERALD, J. The note in question was given by Poerschke, the payee, properly indorsed and before maturity, to plaintiffs. It does not satisfactorily appear whether it was taken in payment of an ante-cedent debt or not, and, if not, plaintiffs, upon the evidence in this case, cannot claim to be a holder for value.

A specific request to charge was made by defendant "that if the debt of $1,000 still exists between Mr. Orr and Mr. Poerschke, that Mr. Orr was not a holder for value of this note." The learned court below did not charge this proposition, but said, "That is a matter which the jury may take into consideration." Exception was noted to the refusal to charge as requested. The instruction as given was indefinite and liable to misinterpretation, particularly for the reason that the testimony of Mr. Orr upon this very material point was contradictory, and it was important that the rule of law governing the matter should have been stated in clear and unequivocal terms. Poerschke, it appears, was a director of defendant corporation, and it was claimed that plaintiffs had knowledge of that fact at the time of the transaction. This is not a case where the name of the same person appears in two places in the one instrument, as officer of maker and as payee of obligation, and the note itself cannot be held to bear upon its face sufficient notice of in-

capacity (Hanover Bank v. American Dock & T. Co., 148 N. Y. 612, 43 N. E. 72, 51 Am. St. Rep. 721; Wilson v. Metropolitan El. R. Co., 120 N. Y. 145, 24 N. E. 384, 17 Am. St. Rep. 625); but there is some evidence in this record that plaintiffs had personal knowledge of the fact. Neither is this a case where the corporate obligation was originally issued to an uninterested third person, and in that respect it is distinguishable from Cheever v. Pittsburg, S. & L. E. R. Co., 150 N. Y. 59, 44 N. E. 701, 34 L. R. A. 69, 55 Am. St. Rep. 646. Whether plaintiff had any knowledge of the payee's relationship to the maker, and, if he had, whether it was or was not sufficient to put him upon inquiry, were questions which should have been submitted to the jury. The testimony of Adrian as to the manner in which the note was issued was not contradicted, and certainly tended to establish illegality, but, notwithstanding this, the jury were charged in the following words: "This is an affirmative defense—a defense which must be proven by a fair preponderance of the evidence;" and a request to charge "that whenever the defendant produces proof that there were any infirmities attached to the making of the note, that it then became the affirmative duty of the plaintiff to satisfy the jury that he took the note for value and in good faith," was refused. The exceptions to the instructions and to the refusal were well taken. The proper rule under such circumstances is clearly expressed in Canajoharie National Bank v. Diefendorf, 123 N. Y. 191, 25 N. E. 402, 10 L. R. A. 676:

"Such a party makes out his title by presumption until it is impeached by evidence showing the paper had a fraudulent inception, and, when this is done, the plaintiff can no longer rest upon the presumption, but must show affirmatively his good faith."

Some evidence was presented by the plaintiff in rebuttal which might have satisfied the jury of the bona fides of the transaction, but the instruction that the defense must be established by a preponderance of evidence was error.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.